STATE, ARNOLD, DIR. OF HEALTH, *v.* PICCIOCHI, D. B. A. LITTLE HOME OF BROTHERLY LOVE.

(No. 184155—Decided August 1, 1968.)

*Mr. William Saxbe,* attorney general, and *Miss Winifred Dunton,* for the state.

*Messrs. Green, Schiavoni, Murphy & Stevens* and *Mr. Joseph Schiavoni,* for defendant.

Common Pleas Court of Mahoning County.

JENKINS, J. The case presented to this court for determination is an extraordinary one, by reason of the facts elicited in the same.

The state seeks by injunction to bring about the closing of defendant's home, stating in support thereof the series of events and findings which preceded the instant suit. Defendant in her answer does so by general denial plus the further claim that she is not amenable to those provisions of law relative to nursing homes.

It is the contention of defendant that she is using her home, which is her only property, to personally care for persons who are needy and sick; that she personally offers such care and attention for 24 hours a day; that she makes no charge therefor. She claims that the application of Section 3721.01 *et seq.,* Revised Code, to her effectively deprives her of rendering assistance and care to her neighbors, where her sole motivation is love

of those neighbors, and a sincere desire in her own way to please her God.

The court notes that no claim has been made that defendant abuses or neglects those in her home; violates any fire or safety regulations; is unclean in person or premises, or maintains a nuisance.

The court recognizes that abuses, neglect and crass commercialism brought about the need for Chapter 37 of our law. There is no question of the need for the same because of the desire of some to profit from the misfortune of others. Such is not the situation in the case at bar.

The exercise of regulatory power by an agency of the state existing to regulate some form of human activity, is based on the assumption that the activity affected is detrimental to the public welfare.

Where an individual, either for profit or otherwise, uses his private property for a humane and lawful purpose, and where the regulating authority makes no initial and conclusive showing that such use adversely affects the public welfare, no grounds of enforcement by such regulatory authority exists.

*Injunction denied.*